## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TERRENCE O. GREENWOOD,           :
                                 :
                  Petitioner,    :
       v.                        :         Civil Action No.  19-3768 (TSC)
                                 :
MARK J. BOLSTER,                 :
                                 :
                  Respondent.    :

## <u>MEMORANDUM OPINION</u>

This matter is before the court on a petition for a writ of habeas corpus under 28 U.S.C.

§ 2254 (ECF No. 1, "Pet.") filed by Terrence O. Greenwood.  For the reasons discussed below,

the court DENIES the petition and DISMISSES this civil action.

## I. BACKGROUND

Greenwood was convicted in the Superior Court of the District of Columbia of first

degree burglary, sodomy, and assault with intent to rape arising out of his attack on a woman

inside her apartment in 1992.  *See Greenwood v. United States*, 659 A.2d 825, 826 (D.C. 1995);

Pet. at 1.  He was sentenced to 21 years and 8 months to 65 years in prison.  *See* Pet. at 1; Opp. at

3.  Greenwood filed a notice of appeal on September 21, 1993, Mindy A. Daniels represented

him before the District of Columbia Court of Appeals.  *See* Pet. at 1; Opp. at 3.

Greenwood raised three issues on direct appeal, which Respondent summarizes as

follows:

> (i) the trial court's decision to delay its determination of the
> reliability of the victim's eyewitness identification of [Greenwood]
> until after the victim had testified at trial; (ii) the trial court's
> conclusions that the identification procedures in this case were not
> unduly suggestive and that the victim's eyewitness identification of
> [Greenwood] was reliable; and (iii) the trial court's ruling to limit
> the scope of cross-examination of the lifeguard who testified at trial.

Opp. at 3 (citing *Greenwood*, 659 A.2d at 827-28 & n.2) (footnote omitted).  The Court of

Appeals rejected Greenwood's claims and affirmed his conviction, and the Supreme Court of the

United States denied Greenwood's petition for a writ of certiorari on October 10, 1995.  *See*

*Greenwood v. United States*, 516 U.S. 925 (1995).

On November 23, 1999, Greenwood filed a motion in the Court of Appeals to recall its

mandate and seeking to raise an ineffective assistance of appellate counsel ("IAAC") claim.  The

Court of Appeals denied the motion as untimely on December 14, 1999.  *See* Pet. at 2; Opp. at 3-

4.

Proceeding *pro se*, in January 2001 Greenwood filed a motion in the Superior Court

under D.C. Code § 23-110 to vacate judgment, claiming his trial counsel was ineffective because

he neither investigated nor pursued an insanity defense arising from Greenwood's drug use.  *See*

Opp. at 4.  The Superior Court denied the motion and Greenwood appealed.  *See id*.  The Court

of Appeals affirmed the Superior Court's ruling and issued its mandate in October 2002.  *See*

Opp. at 4.  Greenwood neither sought en banc review before the Court of Appeals nor filed a

petition for a writ of certiorari in the Supreme Court.

In October 2019, Greenwood filed this petition, raising an IAAC claim.[1]  He claims that

he explained to appellate counsel that trial counsel did not "'investigate' the fact that

[Greenwood] was in the psychiatric unit of D.C. General Hospital due to psychosis and a mental

breakdown associated with his usage of pure 85% (PCP) phencyclidine."  Pet. at 3.  He also told

appellate counsel of his blackouts, delusional thoughts, suicidal tendencies, depression, bipolar

---

[1]  Petitioner signed and certified that he placed his petition in the prison mailbox on October 17, 2019.  *See* Pet. at 11.  The Clerk of Court received the petition on December 16, 2019.  The court follows Respondent's lead, *see* U.S. Opp. at 4 n.2, and treats the petition as if it were filed on October 17, 2019.

disorder, *see id*. at 3-4, 6, 10, and commitments "to the mental ward," *id*. at 7.  Greenwood

argues that this information, relating to his mental illness and years of drug use may have called

into question not only Greenwood's competency to stand trial but also his responsibility for the

crimes he committed.  *See id*. at 4, 6.  In short, Greenwood asserts that he had a viable insanity

defense which trial counsel did not pursue.  *See id*. at 7, 9.

Greenwood now argues that his appellate counsel failed him twice: first, by refusing to

present on direct appeal an ineffective assistance of trial counsel ("IATC") claim, and second, by

failing to pursue an IATC claim by motion under D.C. Code § 23-110.  He seeks an evidentiary

hearing in order to determine whether "both counsel's failure to investigate his history of mental

illness was grave error."  *Id*. at 10.

## II. DISCUSSION

### A. Ineffective Assistance of Trial Counsel

Under District of Columbia law, a prisoner convicted in and sentenced by the Superior

Court may file a motion in that court to vacate, set aside, or correct his sentence "upon the

ground that (1) the sentence was imposed in violation of the Constitution of the United States or

the laws of the District of Columbia, (2) the court was without jurisdiction to impose the

sentence, (3) the sentence was in excess of the maximum authorized by law, [or] (4) the sentence

is otherwise subject to collateral attack[.]"  D.C. Code § 23-110(a).  Although habeas relief in

federal court may be available to a District of Columbia Code offender who "is in custody in

violation of the Constitution . . . of the United States," 28 U.S.C. § 2241(c)(3), his habeas

petition "shall not be entertained by . . . any Federal . . . court if it appears that [he] has failed to

make a motion for relief under [D.C. Code § 23-110] or that the Superior Court has denied him

relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the

legality of his detention."  D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998

(D.C. Cir. 2009), *cert. denied*, 559 U.S. 1042 (2010); *Byrd v. Henderson*, 119 F.3d 34, 36 (D.C. Cir. 1997) (per curiam).

Greenwood properly brought his IATC claim before the Superior Court by motion under D.C. Code § 23-110.  He had a remedy under District of Columbia law even though his motion was summarily denied.  "The § 23-110 remedy . . . is not considered inadequate or ineffective simply because the requested relief has been denied."  *Plummer v. Fenty*, 321 F. App'x. 7, 8 (D.C. Cir. 2009) (citation omitted).  This court, therefore, lacks jurisdiction to entertain Greenwood's IATC claim.  *See Smith v. Finley*, No. 19-CV-1763, 2020 WL 1536254, at *3 (D.D.C. Mar. 30, 2020).

### B. Ineffective Assistance of Appellate Counsel

#### 1. Post-Conviction § 23-110 Motion

A petitioner "lack[s] a constitutional entitlement to effective assistance of counsel in state collateral proceedings."  *Williams*, 586 F.3d at 1001 (citing *Coleman v. Thompson,* 501 U.S. 722, 752 (1991)).  Accordingly, the court dismisses Greenwood's IAAC claim regarding appellate counsel's alleged failure to pursue post-conviction relief under D.C. Code § 23-110.  *See Wright v. Stansberry*, 759 F. Supp. 2d 49, 52 (D.D.C. 2011) ("[T]he alleged failure of the petitioner's appellate counsel to raise certain arguments and evidence in connection with his collateral attacks under D. C. Code § 23–110 cannot give rise to a claim of ineffective assistance of counsel."); *Johnson v. Stansberry*, No. 10-CV-0178, 2010 WL 358521, at *1 (D.D.C. Jan. 29, 2010) (dismissing IAAC claim "for failing to assist [Petitioner] on his § 23-110 motion").

#### 2. AEDPA

Ordinarily, an IAAC claim is litigated in the District of Columbia Court of Appeals on a motion to recall its mandate.  *See Watson v. United States*, 536 A.2d 1056, 1060-61 (D.C. 1987) (en banc).  This court may consider an IAAC claim after a petitioner moves to recall the

mandate, as Greenwood has done.  Thus, Greenwood may "get a second bite at the apple in federal court . . . under the standard set forth in 28 U.S.C. § 2254." *Coleman v. Ives*, 841 F. Supp. 2d 333, 335 (D.D.C. 2012) (internal quotation marks and citations omitted).

A person convicted in and sentenced by the Superior Court of the District of Columbia is considered a state prisoner for purposes of § 2254.  *See Smith v. United States*, No. 00-5181, 2000 WL 1279276, at *1 (D.C. Cir. Aug. 23, 2000) (per curiam).  In relevant part, § 2254 provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  A federal court cannot grant a habeas petition unless:

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

*Id*. § 2254(b)(1).

"Effective April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) . . . impose[d] a 1-year period of limitation on motions brought under [28 U.S.C. § 2255]." *United States v. Saro*, 252 F.3d 449, 251 (D.C. Cir. 2001) (citation omitted).  And "[c]ourts have generally applied the same analysis to the time limitations in § 2254 and § 2255." *United States*

*v. Cicero*, 214 F.3d 199, 203 n.* (D.C. Cir. 2000) (citations omitted).  The limitation period for

filing a petition under § 2254 is set forth in § 2244, *see Wright v. Wilson*, 930 F. Supp. 2d 7, 9

(D.D.C. 2013), and runs from the later of four possible dates:

> (A) *the date on which the judgment became final by the conclusion of direct review* or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (emphasis added).   Greenwood does not claim that any of the provisions

of § 2244(d)(1)(B)-(D) apply in this case, and it does not appear that he could make any such

assertion successfully.

Greenwood's judgment became final when the U.S. Supreme Court denied his petition

for a writ of certiorari on October 10, 1995.  If § 2244(d)(1)(A) were applied, Greenwood's

§ 2254 petition should have been filed by October 10, 1996.  Because Greenwood's judgment

became final before April 24, 1996, the effective date of AEDPA, Greenwood would have had

one additional year, to April 24, 1997, to file his § 2254 petition.  He waited 22 years more, and

therefore his filing of the instant petition on October 17, 2019, is untimely.

AEDPA's limitations period is subject to equitable tolling.  *See Holland v. Florida*, 560

U.S. 631, 645 (2010) ("hold[ing] that § 2244(d) is subject to equitable tolling in appropriate

cases").  Greenwood may benefit from equitable tolling only if he "shows (1) that he has been

pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (citation and internal quotation marks omitted). Greenwood fails to meet this standard. He merely asserts that "extraordinary circumstances" existed, Pet. at 7, and that he "made due diligence when he tried to 'recall' the mandate on November 23, 1999," Reply at 2. These assertions are unpersuasive.

It is clear that Greenwood was aware of his history of mental illness and drug use, and that he shared this information with both trial and appellate counsel. *See* Pet. at 3-4. He presents no extraordinary circumstance that would have prevented him from timely pursuing an IATC or IAAC claim in the District of Columbia courts. And the filing of his motion to recall the mandate on November 23, 1999, more than four years after the Court of Appeals issued it, does not amount to the diligent pursuit of his rights.

### III. CONCLUSION

The court concludes that Greenwood's § 2254 petition is untimely. Accordingly, the court DENIES the petition, DENIES as moot Greenwood's motion for appointment of counsel, and DISMISSES this civil action. An Order is issued separately.

DATE:  April 21, 2020                                     /s/
                                                          TANYA S. CHUTKAN
                                                          United States District Judge